ESTELLE GOOCH v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.—61 S. W. (2d) 704.

Division One, June 24, 1933.

*Landis & Landis* for appellant.

*Alva F. Lindsay* for respondent.

GANTT, J.—Action on a policy of life insurance for $1,000. Judgment for plaintiff for the difference between said sum and the amount of a loan on the policy, which difference, with interest, amounted to $876.43. The Kansas City Court of Appeals reversed the judgment and remanded the cause with directions to enter judgment for plaintiff for $118.26. It deemed its decision in conflict with the decision of the St. Louis Court of Appeals in Knapp v. Life Ins. Co., 214 Mo. App. 151, 259 S. W. 862, and for that reason transferred the case to this court. [Gooch v. Metropolitan Life Ins. Co., 49 S. W. (2d) 679.]

The facts are not in dispute. On September 13, 1917, defendant issued a "Twenty Year Payment" policy of insurance on the life of Eugene Gooch for $1,000, payable to his wife, the plaintiff. It provided for the payment of $1,000, less any indebtedness due defendant on the policy, and less any unpaid portion of a premium for the current policy year. The premium of $15.96 was paid semi-annually on March 13th and September 13th for twelve years. It was not paid on September 13, 1929, and the policy lapsed. The insured died December 8, 1929.

It is admitted that plaintiff is entitled to recover under the provision for extended or term insurance. At the time of default in the payment of the premium, the reserve value of the policy was $248 and a dividend of $6.22 to the credit of the insured increased the value of the policy to $254.22. At said time the insured owed defendant $224.57, secured by the policy. The indebtedness of $224.57 subtracted from $254.22, as provided in the policy, left $29.65 to the credit of the insured.

The policy provides that on default in the payment of a premium, and if there is no indebtedness on the policy, the insurance may be continued for its original amount as term insurance. Under the table of guaranteed loan values and surrender options set forth in the policy, if there had been no debt on the policy at the end of the twelfth year, the reserve value of the policy would have extended the face value of the policy as insurance for twenty-two years and one hundred nineteen days.

The policy also provides that any indebtedness thereon will reduce the amount continued as term insurance in such proportion as the indebtedness bears to the cash value at due date of premium in default. Under this provision the insured, on default in payment of the premium, was entitled to extended or term insurance for the full term of twenty-two years and one hundred nineteen days, reduced in amount in such proportion as the indebtedness of $224.57 bears to the cash value of $254.22. In other words, the face value of

the policy was reduced to $118.26 as extended or term insurance for said full term.

Plaintiff contends that under the policy and Section 5741, Revised Statutes 1929, the sum of $29.65 to the credit of the insured was available as a net single premium for extended or term insurance and was sufficient to provide said insurance for the face amount of the policy until after the death of insured. The section of the statute provides that "the amount of such temporary (extended) insurance shall be such as is specified in the policy, but never less than the face amount insured by the policy reduced by the unpaid portion of notes and indebtedness."

Defendant contends that plaintiff must claim either under the statute as a whole or the policy as a whole. It is admitted that under the rule provided in the statute for computing reserve values, the three-fourths value of the policy at the time of default in the payment of the premium is $172.41, which is less than the indebtedness of $224.57. Therefore, under said rule there would be no sum available as a net single premium for extended or term insurance. However, under the rule provided in the policy for computing reserve values, the insured had to his credit $29.65, as above stated. In other words, the rule provided in the policy is more favorable to insured than the rule provided in the statute.

Plaintiff insists that she is not compelled to elect as between the statute and the policy. She contends that the statute is a part of the policy. We think the contention should be sustained. The policy and the statute make up the contract of insurance. [1 Couch's Cyclopedia of Insurance Law, p. 297; 2 Cooley's Briefs on Insurance (2 Ed.) p. 1102; Prudential Ins. Co. v. Ragan, 212 S. W. 123, l. c. 125, 126.] The rulings of the Courts of Appeals to the contrary in Dougherty v. Mutual Life Ins. Co., 44 S. W. (2d) 206, Wilhelm v. Prudential Ins. Co., 227 S. W. 897, and Alexander v. Northwestern Mutual Life Ins. Co., 290 S. W. 452, are overruled.

The rule provided in the statute for computing reserve values must be held to be the minimum value permitted. Of course, an insurance company may provide a rule for computing said values more favorable to the insured. The policy under consideration did so. Therefore, the rule provided in the policy must be substituted for the rule provided in the statute.

Furthermore, the provision in the policy that indebtedness reduces the amount continued as term insurance in such proportion as the indebtedness bears to the cash value must be held invalid. It is in conflict with the statute which provides that such insurance shall never be less than the face value of the policy reduced by the indebtedness. The statutory provision prevails, for it allows a greater indemnity. [2 Couch's Cyclopedia of Insurance Law, p. 304, 14 R. C. L. p. 925.]

The annual premium was $15.96. It follows that the $29.65 to the credit of the insured at the time he defaulted in the payment of the premium was sufficient to provide extended or term insurance for the face amount of the policy until after his death.

Plaintiff next contends that to reduce the amount of extended or term insurance because of an indebtedness on the policy rather than reduce the period of such insurance, as in the case of a non-borrower, is a discrimination against a borrowing policyholder and contrary to Section 5729, Revised Statutes 1929. The question is reserved.

The judgment should be affirmed. It is so ordered. All concur.

## ON MOTION FOR REHEARING.

GANTT, J.—Defendant contends that we ruled the case on an issue not within the pleadings and on a theory that was not presented to or considered by the trial court. It further contends that it had no opportunity to brief and be heard on the question.

The petition was conventional. It alleged the issuance of the policy, the performance of its conditions, the death of insured, and the refusal of payment by defendant.

The answer, after certain admissions, denied that the insured had performed all the conditions of the policy; that he did not pay the premiums as provided therein, which caused the policy to immediately lapse; that there was an indebtedness of $224.57 on the policy, and that plaintiff was entitled to only $118.26 under the contract of insurance.

The reply was a general denial with a plea "that there was ample and sufficient funds due and owing the said Eugene Gooch under the terms of said policy to extend up to and beyond the 8th day of December, 1929, same being the date of the death of said Eugene Gooch; and that on account thereof, this plaintiff states that she is entitled to the full amount of the said policy of one thousand ($1,000) dollars less the amount of the note entered into by the said Eugene Gooch."

In this connection it should be noted that the original brief of defendant (appellant) stated that "in presenting her case to the court (without a jury), respondent (plaintiff) endeavored to pick out the favorable part of the policy, to-wit, the reserve value and to apply it in purchasing extended insurance for the face of the policy as provided by Section 5741, Revised Statutes 1929, instead of for a reduced amount as provided by the policy. This attempt to mix the policy and the statute is in reality a re-writing of the policy, and this cannot be done. [Dougherty v. Mutual Life Ins. Co., 44 S. W. (2d) 206; Wilhelm v. Prudential Ins. Co., 227 S. W. 897.]"

Thus it appears that our ruling was within the pleadings and not on a theory different from that presented in the trial court. Fur-

thermore, the question fully presented in defendant's original brief in this court and ably argued in said brief.

The effort of plaintiff to have the judgment affirmed on a theory different from that presented in the trial court did not relieve this court of the duty to rule the case on the theory presented in said court and briefed by defendant (appellant) in this court.

Defendant next contends that full term insurance for a reduced amount is the equivalent of insurance for the full amount of the policy for a reduced term.

The Legislature decided in favor of a reduced term rather than a reduced amount. Furthermore, if they are equivalents there would be no inducement to seek to evade the statute, and defendant's policies would conform to the non-forfeiture sections of the statute.

In this connection defendant contends that on the date the policy lapsed it could not have been told whether the statute or the policy allowed a greater indemnity. It argues that if the insured had lived beyond the reduced term fixed by the statute, he would have been without insurance, whereas, under the policy he would have been insured for $118.26 for a term of twenty-two years.

If the insurance under the statute and under the policy are equivalents, or if insurance under the policy when it lapsed afforded a greater indemnity, defendant would not seek to evade the statute. Indeed, said effort of defendant authorizes an inference that the statute allows a greater indemnity.

Of course, defendant admits that the statute must be read into the policy. However, in effect, it contends that when so read there are two contracts of insurance—one under the policy, and one under the statute. It then argues that the insured or the beneficiary must elect as between the contract under the policy and the contract under the statute. We do not think so. An election to be under the policy would be a waiver of the provisions of the statute. In Cravens v. Ins. Co., 148 Mo. 583, l. c. 604, 50 S. W. 519, 178 U. S. 389, we said:

" 'Where an insurance company does business in this State, and issues its policies to residents of this State, the validity of clauses in its policies must be determined by the laws of this State. The laws of this State establish a rule of public policy, which overrides the freedom of contract of the parties, and makes waiver of statutory provisions ineffectual, although such waivers are contained in the strongest terms in the policies.'

"Foreign insurance companies which do business in this State, do so not by right but by grace, and must in so doing conform to its laws; they cannot avail themselves of its benefits, without bearing its burdens. Moreover the State may prescribe conditions upon which it will permit foreign insurance companies to transact business within its borders or exclude them altogether and in so doing

violates no contractual rights of the company. [State v. Stone, 118 Mo. 388; Daggs v. Ins. Co., 136 Mo. 382; s. c. 172 U. S. 557.]''

In this connection defendant seems to argue that because the policy provides a rule for computing reserve values more favorable than the rule provided in the statute, it should be permitted to violate the statute by reducing the amount rather than the term of the insurance.

Defendant next contends that the opinion is in conflict with certain sections of the State and Federal Constitutions. It does not point to a conflict and we find no conflict.

The motion for a rehearing should be overruled. It is so ordered. All concur.