[No. 25595. Department Two. July 26, 1935.]

MABEL RINGSTAD, *Respondent*, v. METROPOLITAN LIFE INSURANCE COMPANY, *Appellant*.[1]

*Preston, Thorgrimson & Turner,* for appellant.
*Welts & Welts,* for respondent.

HOLCOMB, J.—This action was brought by respondent, the named beneficiary in a life insurance policy for fifteen hundred dollars upon the life of Abbie M. Jacobsen. Judgment was rendered by the trial court, sitting without a jury, in the full amount, from which this appeal is taken.

There is no disputed fact in this case.

Miss Abbie M. Jacobsen, then thirty years old, applied to appellant for this insurance on July 19, 1929. Her policy was written and dated July 30, 1929, insur-

[1]Reported in 47 P. (2d) 1045.

ing her life for fifteen hundred dollars for the benefit of respondent. The date of issue recited on the first page of the policy was July 30, 1929. The first premium was actually paid and receipted for on August 24, 1929. The annual premium contracted to be paid was $54.75. This was the standard uniform rate for one year's insurance for one of her class. Immediately below the receipt for the first annual premium and printed in bold-faced type upon the face of the policy is this language:

"This policy shall not take effect unless or until the first premium therefor, as entered on the foregoing receipt, has actually been paid in cash."

Thereafter, the policy was continued in force under an arrangement for quarterly, instead of annual, premiums from quarter to quarter and from year to year. The last payment was made in August, 1932, extending the insurance for a term of three months. The policy and the statute in force both granted the insured an additional period of coverage known as a grace period of thirty days. The insured died in Spokane on December 6, 1932. Upon payment of the full amount of the policy being refused, and the sum of $147 being tendered respondent, she sued and recovered judgment for the face of the policy, with interest.

In paragraph 9 of the policy there was provision made that, after premiums for two full years shall have been paid on the policy, in case of surrender or lapse, the owner or assignee of record, upon written request filed with the company, together with the presentation of the policy for surrender or endorsement within three months after the due date of any premium in default, shall be entitled to one of the following options: (a) the cash surrender value less any indebtedness owing to the company; (b) to have paid-up life insurance in such amount as the cash surrender value

will purchase; and (c) to have extended term insurance in the full amount of the policy for such term as the cash surrender value will purchase.

Respondent and appellant agree that there is no question over options (a) and (b). They radically differ, however, on the construction of option (c).

At the time of the lapse of the policy and at the time of the death of the insured, she was indebted to the company on a policy loan; and at the date of the lapse of the policy, if it lapsed on December 1, 1932, the cash surrender value would have paid the loan and left a surplus of $11.43. That sum, if applied to the purchase of term insurance in the sum of fifteen hundred dollars, would have purchased that amount of insurance upon the life of the insured to a date beyond the date of her death. In case of lapse, had she lived, she might have availed herself of any of the options (a), (b) or (c). Not having done so before her death, the company contends that it accorded her beneficiary the right given her under option (c) and tendered into court $147 as the full amount due under the policy under option (c). In other words, the contention of appellant is that respondent was entitled to recover $147 and no more, the policy having lapsed according to its terms prior to the death of the insured.

The trial court held, first, that the policy was not, by its terms, in force until the payment of the first premium on August 24, 1929, and that the policy here began and ended on the anniversary of the payment of the premium rather than on the anniversary of the date of the policy, according to the specific terms of the policy; and that the true due date of each premium after the first was not the date specified in the policy, July 30, but in each case twenty-five days later; and that, therefore, the policy had not lapsed at the date of the death of the deceased.

The trial court also held, in accordance with the second contention of respondent, that the provision in option (c), providing that, where the policy holder had borrowed on the policy, the extent of insurance would thereby be reduced proportionately in its amount rather than in its term, was void as being an unlawful discrimination by the company in the issuance of the policy as between policy holders who borrow and those who did not borrow on their policies.

This case is very different and therefore not governed by the rules stated in *McKenney v. Phoenix Mutual Life Ins. Co.*, 138 Wash. 315, 244 Pac. 560. There, a life insurance policy was antedated at the request of the insured, and we held that an agreement in the policy fixing the premium paying period as commencing on such date was binding on both parties.

We shall disregard the first contention of respondent, which was sustained by the trial court, that the policy had not lapsed before December 24, 1932, which was after the death of the insured.

We shall base our decision solely upon the second contention of respondent, which was sustained by the trial court, that, assuming that the policy had lapsed because of the non-payment of the last quarterly premium due, the construction of option (c) contended for by appellant is wrong.

It is almost a universal rule here and elsewhere that provisions in contracts of insurance in doubt must be construed most favorably to the insured. *Guaranty Trust Co. v. Continental Life Ins. Co.*, 159 Wash. 683, 294 Pac. 585. It is also universally settled that statutory provisions are a part of the policy.

Our insurance statute includes Rem. Rev. Stat., § 7226 [P. C. § 3124], which, so far as pertinent, reads:

"No life insurance company doing business in this state shall make or permit any distinction or discrimi-

nation in favor of individuals, between insurants of the same class and equal expectation of life, in the amount of payments of premiums or rates charged for policies of life or endowment insurance, or in the dividends or other benefits payable thereon, or in any other of the terms and conditions of the contracts it makes; . . .''

Under an identical statute and form of policy, it was held in *Metropolitan Life Ins. Co. v. Lillard,* 118 Okla. 196, 248 Pac. 841, that, where a policy of life insurance makes a distinction between options allowed the insurants under such policy, to the effect that, if there was no loan indebtedness against the cash surrender value of the policy, the insured had the right of election of one of three options, but, if there was an indebtedness against the cash surrender value, the insured had no option or choice, such a provision of the policy is contrary to the provisions of the statute, identical with ours, and is against public policy and void and unenforceable. It was further held that the death of the insured automatically extends the policy in force for the full amount thereof, for such a period of time as the cash surrender value of the policy would purchase; and that, if the policy of insurance is susceptible of two constructions, that one is adopted which is most favorable to the insured. A number of cases were cited in that opinion in its support.

The above cited case was followed and approved in *Great Southern Life Ins. Co. v. Jones,* 35 Fed. (2d) 122, by the eighth circuit court of appeals, saying that ''such a provision was contrary to both the statutes of Oklahoma and the great weight of authority.''

To the same effect are *Emig's Administrator v. Mutual Benefit Life Ins. Co.,* 127 Ky. 588, 106 S. W. 230, 23 L. R. A. (N. S.) 828; *Security Life Ins. Co. v. Watkins,* 189 Ky. 20, 224 S. W. 462; *New York Life Ins. Co. v. Scheuer,* 198 Ala. 47, 73 So. 409; *Gooch v. Metropolitan Life Ins. Co.,* 333 Mo. 191, 61 S. W. (2d)

704; *Jeske v. Metropolitan Life Ins. Co.,* 172 Atl. (Pa.) 172.

In the *Gooch* case, *supra,* the supreme court overruled a contrary decision by a Missouri court of appeals reported in 49 S. W. (2d) 679. In the *Jeske* case, *supra,* the Pennsylvania supreme court cited with approval the *Gooch* case, *supra,* the *Lillard* case, *supra,* and the Kentucky and Alabama cases above cited.

One case relied upon by appellant, *Neal v. Columbian Mutual Life Assurance Society,* 161 Miss. 814, 138 So. 353, cites no text or authority in support of its decision and is based upon a false premise that "each gets exactly what he pays for." We do not assent thereto. The borrower has as much right under his contract to buy term protection as the non-borrower. That is what each "pays for."

Nor do we concur either with the reasoning or result reached in *Trapp v. Metropolitan Life Ins. Co.,* 70 Fed. (2d) 976 (District Court), and do not feel bound by it.

We conclude, therefore, that the second contention of respondent sustained by the trial court was right, regardless of the first, and the judgment is affirmed.

BLAKE, MITCHELL, MAIN, and STEINERT, JJ. concur.