14619

PRESSLY v. PILOT LIFE INSURANCE COMPANY

(195 S. E., 332)

November, 1936.

*Messrs. Mays & Featherstone,* for appellant,

*Messrs. Grier, McDonald & Todd* and *W. D. Tinsley,* for respondent.

February 15, 1938.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action on an insurance policy issued by the defendant company on the life of one Dr. John Pressly. As questions only of law were involved, there being no dispute as to the facts, the case was tried before Judge Johnson without a jury. The issues had to do with the interpretation of certain provisions of the policy called "nonforfeiture privileges," and made, as argued here, substantially the following questions: (1) Does the reduction provided for by the

policy, where there is an outstanding loan, apply to the extended term of the policy or to the amount? (2) If to the amount, is such provision void under Section 1921 of the Code of 1932 and as against public policy?

At the hearing below, the contention of the plaintiff was that the provision in question "referred to time as applied to extended insurance." Judge Johnson, however, held contrary to that view, and the respondent now asks this Court to say that he erred in so holding, and that the judgment of the Circuit Court be sustained upon the additional ground stated in respondent's contention. The second question was answered in the affirmative, and the defendant by its appeal challenges the correctness of such answer.

We think the Circuit Judge, under the decisions cited by him, correctly disposed of the first question. As to the second, his conclusions thereabout are sound and are supported by the great weight of authority. See *Ringstad v. Metropolitan Life Insurance Company,* 182 Wash., 550, 47 P. (2d), 1045, 106 A. L. R., 1532, and annotation beginning at page 1537. The decision in the *Ringstad case* is clearly in point. The provisions of the policy of insurance before the Washington Court were, in effect, the same as those in the policy here. Also, it is agreed that the Washington statute held by the Court to be applicable and governing was practically the same as our own statute. While there are some cases in which a different conclusion is reached, the following from the annotation referred to correctly states the trend of the decisions: "Provisions in life insurance policies which discriminate between borrowing and nonborrowing insurants, as regards options allowed, have, in most cases where the question has arisen, been held to be invalid, either in that they violate a statute prohibiting discrimination between insurants of the same class, or because such discrimination is deemed opposed to public policy."

Judge Johnson's order, which we approve and adopt, will be reported.

The judgment of the Circuit Court is affirmed.

Messrs. Justices Bonham, Baker and Fishburne concur.

Mr. Justice Carter did not participate on account of illness.