## MARTHA MOSHOU v. BERKSHIRE LIFE INSURANCE COMPANY.[1]

June 10, 1938.

No. 31,488.

*Victor M. Petersen,* for appellant.

*Tryon & Everett* and *W. F. Thiel,* for respondent.

HOLT, JUSTICE.

Plaintiff appeals from an order denying her motion for amended findings or a new trial.

The action is on a life insurance policy issued by defendant. There was a trial to the court, and findings were made and filed awarding plaintiff $94.61. The assignments of error are rather voluminous, but all need not be determined, for we think there is no dispute as to the controlling facts, and the decision must rest upon the legal conclusions therefrom.

On October 9, 1919, defendant issued to Scarlatos Moshou, in consideration of a stipulated premium, its 15-year payment life insurance policy agreeing to pay plaintiff, the wife of the insured, $1,000 upon receipt of proof of death. The premium stipulated to be paid by the insured was $10.77 on the ninth day of January, April, July,

[1]Reported in 280 N. W. 14.

and October thereafter until the expiration of 15 years, or until the insured's death. All premium payments were made until July 9, 1933, which payment was not made, and because thereof the policy lapsed 31 days after July 9, 1933. The insured died December 10, 1933. Proofs of death were furnished. The insured, on July 9, 1933, was indebted to defendant for money borrowed under the terms of the policy in the sum of $429.84, and the cash value of the policy on that date was $478.33, leaving $48.49 to the credit of the insured. The policy contains these nonforfeiture benefits available to the insured in case of default of a premium payment. The holder of the policy by writing filed with the insurer at its home office during the period of grace may elect to receive:

(1) The cash surrender value, the beneficiary consenting in writing, as shown by the table on the policy, increased by dividend accumulations, diminished by the amount of indebtedness secured by the policy.

(2) To have the policy continued as paid-up insurance payable at the same time and on same conditions as the original contract, for such an amount as its then cash value, as above defined, will purchase as a net single premium.

(3) To have the policy continued as extended term insurance from the due date of the premiums in default for its face amount, increased by any dividend additions and diminished by any indebtedness hereon or secured hereby for such time as its then cash value, as above defined, will purchase as a net single premium.

"If, during the aforesaid period of grace, the holder shall not select one of the foregoing options, this policy shall be continued as participating paid-up insurance under the second option."

In Schoonover v. Prudential Ins. Co. 187 Minn. 343, 245 N. W. 476, it was held that the quoted provision automatically converted the policy, lapsed for nonpayment of a premium, upon the failure of the insured to exercise the option given by 1 Mason Minn. St. 1927, § 3392, into extended insurance as provided by the just quoted provision of this policy. Somewhat touching the same proposition is Johnson v. Central Life Assur. Soc. 187 Minn. 611, 246 N. W. 354,

91 A. L. R. 1058, wherein some of the authorities cited by plaintiff herein are discussed. Also bearing on this question of automatic paid-up term insurance under the second option, as decided in the Schoonover case, may be cited Erickson v. Equitable L. Assur. Soc. 193 Minn. 269, 258 N. W. 736, and Palmer v. Central L. Assur. Soc. 193 Minn. 306, 258 N. W. 732.

Counsel for plaintiff admits that Young v. Mut. Trust L. Ins. Co. 54 N. D. 600, 210 N. W. 177, 53 A. L. R. 910, and Landis v. Metropolitan L. Ins. Co. 104 Ohio St. 589, 136 N. E. 193, 26 A. L. R. 98, cited by defendant, are in point as "a stipulated form of insurance" corresponding to laws like our § 3402(8), but claims that § 3392 and § 3393 invalidate the automatic extended term insurance in this policy because of violation of § 3377, which prohibits any distinction or discrimination between insurants (the insured) in respect to dividends or other benefits. It is here contended that a borrowing insured upon this policy is not in as favorable position as a nonborrowing one in case of lapse for nonpayment of premiums, and in support thereof is cited the case of Metropolitan L. Ins. Co. v. Lillard, 118 Okl. 196, 248 P. 841, and cases since following its lead such as New York L. Ins. Co. v. Scheuer, 198 Ala. 47, 73 So. 409; Security L. Ins. Co. v. Watkins, 189 Ky. 20, 224 S. W. 462; Gooch v. Metropolitan L. Ins. Co. 333 Mo. 191, 61 S. W. (2d) 704; Ringstad v. Metropolitan L. Ins. Co. 182 Wash. 550, 47 P. (2d) 1045, 106 A. L. R. 1532; Equitable L. Ins. Co. v. Germantown Trust Co. (3 Cir.) 94 F. (2d) 898; Great Southern L. Ins. Co. v. Jones (8 Cir.) 35 F. (2d) 122. It is to be noted that the policy involved in the Lillard case did not give a borrowing insured any election of option in case of premium default, and also in that case the 90-day period within which to exercise the option had not expired when the insured died. The terms of the policy in the Alabama case varied so from those of the terms of the instant case that the decision is no aid. The decision in the Gooch case is made to turn upon a statutory provision not in our code. In each of the other cases the insured died within the time given him to exercise the option, and therefore the court felt at liberty to select the one most favorable to the beneficiary; and, furthermore, there was to be found the same

discrimination between a borrowing and a nonborrowing insured as in the Lillard case. We fail to find any such discrimination in the policy here involved, and, what is of more importance, the option reserved to the insured in case of lapse of the policy for nonpayment of premium was to be exercised within 31 days after default. It was not so exercised, and the insured lived beyond such period; thereby automatically the policy became a paid-up policy under the second option for $94.61.

Plaintiff also cited and relied on Jeske v. Metropolitan L. Ins. Co. 113 Pa. Super. 118, 172 A. 172, but as far as that decision can lend any support to plaintiff's contention it has been taken away by the decision of the supreme court in Steuernagel v. Metropolitan L. Ins. Co. 322 Pa. 289, 185 A. 208.

Concluding that upon the undisputed facts the insured not having exercised the right of option provided by the policy within the 31 days stipulated after the lapse for nonpayment of premiums, the second option automatically took effect, and no other findings or conclusions of law could be made than those made.

The order is affirmed.