**PRUDENTIAL INS. CO. OF AMERICA v. PEARSON et al.**

No. 9796.

District Court, W. D. Missouri, W. D.
Aug. 12, 1938.

Michaels, Blackmar, Newkirk, Eager & Swanson, of Kansas City, Mo., for plaintiff.

Edmond H. McVey (of McVey, Randolph, Smithson & Garrity), of Kansas City, Mo., for defendants.

OTIS, District Judge.

Learned counsel for defendants have urged upon us with great earnestness that we very clearly erred in the judgment entered in this case. The assurance which they so clearly have undoubtedly will lead to a review of this case by the learned Circuit Court of Appeals. We desire that the Court of Appeals shall have the benefit of our views on the disputed issues for whatever those views may be worth. It is entirely possible, of course, that our views will be worth nothing.

Without disparaging any part of the argument of counsel on the motion for a new trial, for it was all excellent, we refer here only to that part of the argument which was most vigorously presented. It concerns the effect in this case of Section 5741 of the Revised Statutes of Missouri, Mo.St.Ann. § 5741, p. 4388.

As the memorandum opinion heretofore filed in this case indicates, the first reference to this statute followed the oral argument of the case after its trial and after the submission of briefs by the parties. At the trial itself counsel, in response to the Court's inquiry, expressly denied that any reliance was placed upon any statute. The whole reliance of the defendants was on the very language of the policy of insurance itself. The elaborate and scholarly brief submitted by counsel for defendants after the trial and before the oral argument (which brief we have again searched carefully) contains not the slightest reference to any statute or to any reliance upon any statute. The only theory presented by the brief of defendants is that the language of the policy of insurance itself demands judgment for the defendants.

As the opinion filed shows, the first reference to Section 5741 was in a letter which followed the oral argument. This letter is now set out in full herein. From the letter the Court of Appeals will be able to gather the argument based on Section 5741 (the same theory which was developed and elaborated in the argument on the motion for a new trial). The letter is as follows:

"Hon. Merrill E. Otis

"Federal Building

"Kansas City, Missouri

"Re: Prudential Insurance Company vs. Kitsey M. Pearson and Agnes Means, No. 9796

"Dear Judge Otis:

"As we understand the question propounded by the Court during oral argument, it is this:

"Where is the provision of the policy granting to the assured automatic term insurance, other than under the table of loan and non-forfeiture values set out in the policy; and does not this table control?

"Our answer is this:

"First, the statute of Missouri, Sec. 5741, compels the application of the reserve to purchase automatic extended term insurance, and denies any right of forfeiture for non-payment of premiums after payment of three annual premiums. The statute is a part of the policy. Gooch v. Metropolitan Life Insurance Company, 333 Mo. 191, 61 S.W.2d 704, 705; Trapp v. Metropolitan Life Insurance Company, 8 Cir., 72 F.2d 374.

"It is clear then that the policy must provide for automatic term insurance. The theory and intent of the policy in suit does provide for automatic term insurance. The Court has inquired whether there is any provision for automatic term insurance other than the table set out in the policy. Our answer is that the policy provides that the reserve *shall be* computed upon the 'net level premium method'. In the Gooch Case, the Supreme Court of Missouri held that under Sec. 5741 the amount of the reserve under the policy may be computed in accordance with the terms of the policy, and further that the statute may be applied to show the amount of the insurance the beneficiary is entitled to, which amount is the face of the policy, less indebtedness, for whatever period of time the reserve under the policy, applied as a single premium, will buy that amount of extended term insurance.

"Our answer further is that the provision of the policy saying that the reserve on this policy *shall be* (not has been) calculated on the basis of the net level pre-

mium method supersedes the tabulated values in the policy. That this provision is mandatory.

"Under the settled law, the statute requires the reserve to be used as a net single premium for the purchase of automatic extended term insurance. Under the evidence submitted, the amount of the net single premium, computed on the basis specified in the policy, namely, the net level premium method, was $1530.80, a sum sufficient, after making all deductions, to carry extended term insurance beyond the date of the death of the insured.

"Admittedly there is no table of reserve values in the policy computed on the basis of the net level premium method. But, inasmuch as the table set forth in the policy is not computed on the basis stated, viz., net level premium method, the table falls to the ground and is null and void. This leaves no table and none is necessary. The statute and the policy supply the basis of calculation, because there is in the policy a provision for determining the reserve more favorable to the insured than the provision stated in the statute. We are not required to rest upon the statute as a whole to get our figures, but we rest upon that more favorable method of computation provided in the policy, namely, the net level premium method, and evidence was introduced, uncontradicted, in fact admitted, resulting in a reserve sufficient in value to carry extended term insurance beyond the date of the death of the insured.

"The provision of the statute upon which we rely is that a policy of insurance may not be forfeited for non-payment of premiums, after payment of at least three annual premiums, but that the reserve or net value must be used as a net single premium to purchase automatic extended term insurance. This has consistently been our theory and the anullment of the specific table of values does not anull the rights of the assured to a computation upon the method defined and made mandatory in the contract and statute, namely, a reserve to purchase extended term insurance based on a computation under the net level premium method.

"Sincerely yours,
"McVey & Randolph
"By E. H. McVey."

If we comprehend the argument of counsel (it is entirely possible that we have not comprehended it), it has no force or value.

Disregarding for the moment the decision of the Supreme Court in Gooch v. Metropolitan Insurance Company, 333 Mo. 191, 61 S.W.2d 704, 705, and considering only the statute, it is clear that the statute furnishes no basis for defendants' theory. Learned counsel admitted as much. They admit that if the "net value of the policy" is computed in the manner indicated by the statute, then the single premium provided for by the statute would be entirely inadequate to purchase extended insurance which would have been in effect at the time of the insured's death.

But counsel say that the Supreme Court of Missouri has construed the statute (in Gooch v. Metropolitan Life Insurance Company, supra) to mean that the reserve under a policy may be computed in a way more favorable to the insured than the statutory method of computation if the policy provides for a more favorable method of computation. Perhaps that may be conceded.

It cannot be conceded, however, that the statute requires the reserve to be used as a net single premium for the purchase of automatic extended term insurance. The statute does nothing of the kind and the Gooch Case does not so interpret the statute. If the Gooch Case did so interpret the statute the interpretation would be so obviously erroneous that even that deference for the decisions of the court of last resort in a state which must be had scarcely would require it to be followed. However the reserve or "net value" of a policy is computed, the statute does not provide that the whole of that reserve or of that net value is to be used as a single premium for the purchase of extended term insurance. The single premium for which the statute provides is determined from a base of "three-fourths of such net value." If any opinion of the Supreme Court interpreted the statute as requiring the use of the whole of the "net value" or reserve, however computed or calculated, such an interpretation would be in the very teeth of the statute. And there has been no such interpretation of the statute.

The motion for a new trial is overruled. It is so ordered. An exception is allowed to the defendants.