# MARCH TERM, 1940.

KATHERINE FINNIGAN, RESPONDENT, v. AMERICAN NATIONAL INSURANCE COMPANY, A CORPORATION, Appellant.—137 S. W. (2d) 698.

St. Louis Court of Appeals. Opinion filed March 5, 1940.

*Geo. M. Hagee* for appellant.

*P. R. Goodenough* and *Albert E. Hausman* for respondent.

BECKER, J.—This is a suit upon an insurance policy issued by the American National Insurance Company, a Texas Corporation duly licensed to do business in Missouri. The action originated with the filing of a statement in a Justice of the Peace Court of the City of St. Louis, Missouri, where the case was submitted upon a stipulation and an agreement statement of facts.

Upon judgment being rendered against defendant by the Justice, the case was appealed to the circuit court, where, a jury being waived, the case was tried *de novo* upon the same stipulation and agreed statement of facts which had been submitted in the justice court, no additional evidence being offered. The court found the issues for plaintiff. The defendant insurance company in due course appeals.

The contract sued on is a policy of whole life insurance which, however, makes no provision, in case of default in the payment of premiums, for extended insurance. Upon the death of the insured, due proof thereof having been made by the beneficiary, the insurer denied liability on said policy on the ground that at the death of the insured the policy had lapsed for failure to pay the required premiums, and that the temporary insurance, as provided by Sec. 5741, R. S. Mo., 1929 (Mo. Stat. Ann., sec. 5741, p. 4388) had expired. Thereupon the beneficiary filed her action on the policy.

The stipulation and agreed statement of facts upon which the case was tried, among other things, set out that,

"On the 2nd day of May 1927, the defendant, the American National Insurance Company, issued its policy of life insurance numbered 4755105, whereby it agreed to insure the life of Katherine Stealey against death in the sum of $372, which policy was payable to Katherine Finnigan, who is the plaintiff in this suit; that said policy was issued on the whole-life plan at age 54 next birthday; that the first year's insurance under this policy was term insurance; that a copy of said policy is attached hereto, marked 'Exhibit A;'

"That the premiums to be paid on said policy were at the rate of sixty cents a week, payable in advance, which premiums were paid from the 2nd day of May, 1927, to the 14th day of November, 1932;

"That said policy lapsed for nonpayment of premiums on the 21st day of November, 1932, and that on said date the insured, Katherine Stealey, was of the attained age of 59 years and ten days;

"That on the 8th day of May, 1936, Katherine Stealey died; that Katherine Finnigan, the beneficiary, filed proof of loss and made demand for payment of said policy; that upon receipt of proof of death the defendant denied liability on said policy, giving as a reason therefor that at the time of the death of said Katherine Stealey the policy had lapsed for failure to pay the required premiums, and that the temporary insurance, as provided by Section 5741, Revised Statutes of Missouri, 1929, had expired:

"That on the 21st day of November, 1932, the date on which the premium became due and was not paid, the net value of the policy, when computed upon the actuaries' or combined experience table of mortality, with 4 per cent interest, was $32.58, which sum, when applied in accordance with the rule laid down in Section 5741, Revised Statutes of Missouri, 1929, would provide a single net premium that would keep said policy in force as temporary extended insurance until the 3rd day of February, 1936:

"It is further agreed, subject, however, to all objections as to the relevancy of said facts, but for the purpose of avoiding the necessity of calling an actuary to testify in the case (but defendant in no way admits that the said facts or computations have any bearing on the issues in this case) that on the 21st day of November, 1932, when the

premium became due and was not paid, the net value of the policy, if computed by the American experience table of mortality, with interest at 3½ per cent, is the sum of $48.84, which sum, when applied in accordance with the rule laid down in Sec. 5741, Revised Statutes of Missouri, 1929, would provide a single net premium which would keep said policy in force as temporary or extended insurance until the 30th day of October, 1937.''

Under section 5741 of our statutes, no policy of insurance issued by any insurance company shall be forfeited or become void after the payment of three annual premiums by reason of the nonpayment of premiums thereon, but the net value of the policy as of the date of the default of the payment of the premium shall be ascertained by computation based upon the Actuaries' or Combined Experience Table of Mortality, with four per cent interest per annum, and the sum so ascertained shall be used as a net single premium to purchase extended insurance in the amount specified in the policy.

Though the policy sued on contains no provision for extended insurance, it does provide that at any time after premiums for three full years have been paid, and while the policy is in force, upon written application the company will grant to the insured a ''Free Policy'' of life insurance payable at the same time and under the same conditions provided for in the original policy, in accordance with certain values set out in a *table* which appears in detail in the policy. In connection with this printed *table* of ''Paid Up'' and ''Cash'' values, the policy contains this provision: *''Values in the above table are based upon the American Experience Table of Mortality with interest at 3½ per cent per annum.''*

Since the policy contained no provision for extended insurance in the event of the default in the payment of the premium after three full years' premiums had been paid, therefore the provisions of section 5741 of our statutes become a part of the contract of insurance. The trial court, in this situation, evidently ruled, and correctly so, that the provisions in the statutes for computing reserve values must be held to be the minimum value permitted, and that since the face of the policy itself discloses that in figuring the value of a policy, where application is made by the insured for ''Paid Up'' or ''Free'' insurance, such values ''are based upon the American Experience Table of Mortality with interest at 3½ per cent per annum,'' which provision in the policy is obviously more valuable than that provided for by the statutes, and should, therefore, be substituted for the rule provided in the statutes.

Appellant insurer insists that the action of the trial court in this regard is error, and argues that the Missouri nonforfeiture law is the sole measure of the rights of the insured, and that section 5741 of our statutes must be taken as establishing what, in the judgment of

the Legislature, is an equitable provision for the insured. To this we cannot agree.

Our Supreme Court has ruled to the contrary in Gooch v. Metropolitan Life Ins. Co., 333 Mo. 191, 61 S. W. (2d) 704. There the insurance company contended that the plaintiff must claim either under the Missouri nonforfeiture statute as a whole, or the policy as a whole. There the policy, as here, provided greater rights than those provided for in the statutes. In the course of the opinion the court said:

"Plaintiff insists that she is not compelled to elect as between the statute and the policy. She contends that the statute is a part of the policy. We think the contention should be sustained. The policy and the statute make up the contract of insurance. [1 Couch's Cyclopedia of Insurance Law, p. 297; 11 Cooley's Briefs on Insurance (2 Ed.), p. 1102; Prudential Ins. Co. v. Ragan, 184 Ky. 259, 212 S. W. 123, 125, 126.] The rulings of the Courts of Appeals to the contrary in Dougherty v. Mutual Life Ins. Co., 226 Mo. App. 570, 44 S. W. (2d) 206, Wilhelm v. Prudential Ins. Co. (Mo. App.), 227, S. W. 897, and Alexander v. Northwestern Mutual Life Ins. Co. (Mo. App.), 290 S. W. 452, are overruled.

"The rule provided in the statute for computing reserve values must be held to be the minimum value permitted. Of course, an insurance company may provide a rule for computing said values more favorable to the insured. The policy under consideration did so. Therefore, the rule provided in the policy must be substituted for the rule provided in the statute."

If, as the policy states, the figures set out in the table of values therein for determining the "Free Policy" and the "Cash" value of the policy have been based "on the American Experience Table of Mortality with interest at $3\frac{1}{2}$ per centum per annum" it necessarily follows that the actuary of the insurer, in estimating what the premium on the policy should be, included as one item therein a sum sufficient to create a surplus large enough to provide for the payment of the "Free Policy" or to pay out the stipulated "Cash" surrender value. Necessarily, whatever sum is available out of dividends paid for a "free Policy" or "Cash" surrender value, is also available for "Extended Insurance." If this were not so, it would result in a violation of section 5729, Rev. St. Mo. 1929 (Mo. Stat. Ann., sec. 5729, p. 4369) which provides in substance that there shall be no discrimination between policy-holders of the same class.

The judgment of the trial court should be affirmed. It is so ordered. *McCullen, J.*, concurs; *Hughes, P. J.*, not sitting because not a member of the court at the time of the submission of the case.