[No. 8403-8-I.   Division One.   July 26, 1982.]

RICHARD M. MATTSON, *Appellant*, v. ALAN I. STONE,
ET AL, *Defendants*, PEMCO INSURANCE
COMPANIES, *Respondent*.

---

*Julin, Fosso & Sage* and *James D. McBride,* for appellant.

*Bassett, Gemson & Morrison* and *Richard L. Gemson,* for respondent.

SWANSON, J.—On July 25, 1977, 12–year–old Stacy Mattson was a passenger on a bicycle ridden by Christopher Stone. When Christopher ran a red light at an intersection, the bicycle collided with a car owned by William Thompson and driven by his daughter, Linda Anne Thompson. Stacy suffered numerous injuries from the car–bicycle accident, was hospitalized for several weeks, and then was bedridden at home for several more weeks. However, according to the medical report of the treating physician, Stacy has recovered with no residual defects and no disabilities from the accident.

The Thompson car was insured by the PEMCO Insurance Companies (Pemco). Under the Pemco policy's personal injury protection endorsement, Stacy as a pedestrian injured in an accident with the insured car received $8,816.51 from Pemco for medical bills. Stacy qualified to receive these payments regardless of fault. However, before making the payments, Pemco required Richard Mattson (Stacy's father) to sign a receipt and agreement which provided that the medical payments under the personal injury protection endorsement would be set off against any settlement or award made to Stacy under the Pemco policy's uninsured motorist or liability coverage. The medical payments section of the Pemco insurance policy provided Pemco subrogation rights (to the extent of benefits paid) in amounts recovered by a pedestrian against any other person or organization.

Richard Mattson, on behalf of his son Stacy, sued Christopher Stone and his parents, Linda Anne Thompson, William Thompson, and Pemco. The Thompsons and Pemco denied liability. The Stones compromised and settled the claim against them through the payment of $50,000 (the policy limit of their homeowner's liability policy with United Pacific Insurance Company). The trial court approved this compromise, allotting $49,356.41 to Stacy's claims and $643.59 to the Thompsons for damage to the Thompson car. In accepting the settlement, the trial court dismissed Stacy's claims with prejudice. Pemco asserted a subrogation right to $8,816.51 of the $49,356.41 awarded to Stacy. The trial court ordered this amount held in the registry of the court pending resolution of the subrogation claim. At a subsequent hearing, the trial court held that Pemco had a valid subrogation claim. The Mattsons appealed.

■■ The dispositive issue on appeal is whether Pemco had a valid subrogation interest in Stacy's settlement proceeds from the compromise and settlement with the Stones. Subrogation is an equitable doctrine guided by the principle that a party suffering compensable injury is entitled to

be made whole but should not be allowed to duplicate recovery. *Thiringer v. American Motors Ins. Co.,* 91 Wn.2d 215, 220, 588 P.2d 191 (1978). An insurer is entitled to reimbursement to the extent that its insured recovers payment for the same loss from a tortfeasor responsible for the injury, but the insurer can recover only the excess which the insured has received from the wrongdoer, remaining after the insured is fully compensated for the loss. *Thiringer,* 91 Wn.2d at 219.

These same equitable principles apply to the instant case in which Stacy became a third party donee beneficiary under the terms of the Pemco personal injury protection endorsement. *Ridder v. Blethen,* 24 Wn.2d 552, 555, 166 P.2d 834 (1946). As a donee beneficiary, Stacy also became bound by the terms and conditions of the Pemco insurance policy, including its provision for subrogation. *See Merriman v. Maryland Cas. Co.,* 147 Wash. 579, 583, 266 P. 682, 63 A.L.R. 1040 (1928). Thus, both under equitable principles and through the Pemco insurance policy, Pemco had a subrogation interest in any recovery Stacy might obtain against a tortfeasor responsible for Stacy's injuries. Pemco could, however, only be subrogated if Stacy were made whole by the recovery. In the record, there is substantial evidence from the medical report of the treating physician and the findings of the trial court in approving the minor's settlement for Stacy that the recovery from the Stones made Stacy whole. Therefore, Pemco was entitled to recover from Stacy's settlement proceeds the $8,816.51 which Pemco had previously paid to Stacy for medical bills.

The judgment is affirmed.

DURHAM, A.C.J., and RINGOLD, J., concur.