IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| TODD MCLAUGHLIN, a Washington resident, | ) ) ) | No. 78534-6-I |
| Appellant, | ) ) | DIVISION ONE |
| v. | ) ) ) | |
| TRAVELERS COMMERCIAL INSURANCE COMPANY, a foreign corporation, | ) ) ) ) | PUBLISHED OPINION |
| Respondent. | ) ) ) | FILED: August 12, 2019 |

SMITH, J. — Todd McLaughlin appeals the trial court's dismissal of his lawsuit against his insurer, Travelers Commercial Insurance Company. McLaughlin was injured after he struck an open car door while riding his bicycle. McLaughlin's personal injury protection (PIP) policy covers injuries to a "pedestrian" but does not define that term. Because we must give an undefined term in an insurance policy its plain, ordinary, and common meaning and because the dictionary definition of "pedestrian" excludes bicyclists, we hold that McLaughlin was not a pedestrian at the time of his injury and therefore not entitled to PIP benefits. Additionally, we reject McLaughlin's contention that a definition of "pedestrian" in Washington's Insurance Code, Title 48 RCW, requires that a bicyclist is a pedestrian under his policy. Accordingly, we affirm.

FACTS

On July 31, 2017, McLaughlin was injured while riding his bicycle on Westlake Avenue in Seattle. Daniel Moore, who was parked on the street, did not see McLaughlin approach and opened his driver's side door, striking McLaughlin.

At the time of the accident, McLaughlin was covered by a California Personal Auto policy from Travelers. The policy provided PIP benefits of up to $5,000 in medical expenses sustained by an "insured." The term "insured" was defined in relevant part as "a pedestrian when struck by" a motor vehicle. The term "pedestrian" was not defined.

McLaughlin sought coverage for his medical expenses under the policy. Travelers denied coverage, finding that McLaughlin was not a pedestrian because he was riding his bicycle at the time of the accident. McLaughlin sued Travelers for breach of contract and other related theories based on its denial of coverage. Both McLaughlin and Travelers moved for summary judgment on the breach of contract claim. The trial court concluded that the ordinary and common meaning of the term "pedestrian" does not include a bicyclist. It therefore granted Travelers's motion for summary judgment and denied McLaughlin's motion for summary judgment. McLaughlin appeals.

ANALYSIS

McLaughlin argues that because the ordinary meaning of "pedestrian" includes a bicyclist, the trial court erred in granting summary judgment to Travelers. We disagree.

2

"'This court reviews summary judgment determinations de novo, engaging in the same inquiry as the trial court.'" Kut Suen Lui v. Essex Ins. Co., 185 Wn.2d 703, 709-10, 375 P.3d 596 (2016) (quoting Durland v. San Juan County, 182 Wn.2d 55, 69, 340 P.3d 191 (2014)). "'Summary judgment is proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.'" Kut Suen Lui, 185 Wn.2d at 710 (quoting Durland, 182 Wn.2d at 69)). "Courts interpret language in an insurance policy as a matter of law," and this court reviews those interpretations de novo. Kut Suen Lui, 185 Wn.2d at 710. As the insured, McLaughlin bears the burden to prove that he was entitled to coverage under the policy. E-Z Loader Boat Trailers, Inc. v. Travelers Indem. Co., 106 Wn.2d 901, 906, 726 P.2d 439 (1986).

Courts construe insurance policies as contracts. Weyerhaeuser Co. v. Commercial Union Ins. Co., 142 Wn.2d 654, 665, 15 P.3d 115 (2000). When the court interprets an insurance policy, it considers the insurance policy as a whole, giving the policy "'a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance.'" Quadrant Corp. v. Am. States Ins. Co., 154 Wn.2d 165, 171, 110 P.3d 733 (2005) (quoting Weyerhaeuser, 142 Wn.2d at 666). "Undefined terms in an insurance contract must be given their 'plain, ordinary, and popular' meaning." Boeing Co. v. Aetna Cas. & Sur. Co., 113 Wn.2d 869, 877, 784 P.2d 507 (1990) (quoting Farmers Ins. Co. of Wash. v. Miller, 87 Wn.2d 70, 73, 549 P.2d 9 (1976)). "To determine the ordinary meaning of an undefined term, our courts look to standard English language dictionaries." Boeing, 113 Wn.2d at 877.

Here, McLaughlin's policy covers "reasonable expenses incurred for necessary medical and funeral services because of 'bodily injury': 1. Caused by an accident; and 2. Sustained by an 'insured.'" The policy defines an "insured" as:

> 1. You or any "resident relative":
>    a. While "occupying"; or
>    b. As a pedestrian when struck by;
>    a motor vehicle designed for use mainly on public roads
>    or a trailer of any type.

The term "pedestrian" is not defined in the policy. Therefore, we look to the dictionary definition of "pedestrian" to determine its plain, ordinary, and popular meaning. Webster's Third New International Dictionary defines "pedestrian" as "a person who travels on foot : WALKER : as **a** : one who walks for pleasure, sport, or exercise : HIKER . . . **b** : one walking as distinguished from one travelling by car or cycle." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1664 (2002).

The plain, ordinary meaning of "pedestrian," as defined by the dictionary, defeats McLaughlin's argument. Based on this definition, a pedestrian is distinct from a bicyclist, who travels by cycle. Therefore, the trial court did not err in concluding that McLaughlin was not an insured under the policy and that Travelers was entitled to summary judgment.

Both McLaughlin and Travelers agree that there is no conflict of law when the dictionary definition of "pedestrian" is used. But McLaughlin argues that the definition of "pedestrian" in RCW 48.22.005(11), which is part of Washington's Insurance Code, is automatically incorporated into the policy and includes a

bicyclist. In its amicus curiae brief, United Policyholders also asserts that RCW 48.22.005(11) applies here. But none of the authority cited by McLaughlin mandates that the plain meaning of an undefined term in an insurance policy be displaced if there is a definition of the same term in an insurance statute. Rather, they stand for the general proposition that insurance policies cannot violate applicable statutes. See Ringstad v. Metro. Life Ins. Co., 182 Wash. 550, 553-55, 47 P.2d 1045 (1935) (merely holding that a life insurance policy could not discriminate against insureds who borrow against their policies because an insurance statute prohibited such discrimination); Mission Ins. Co. v. Guarantee Ins. Co., 37 Wn. App. 695, 699, 683 P.2d 215 (1984) (similarly holding that reformation of a policy after an injury was improper in part because a statute fixed the insurer's liability under the policy at the time the injury occurred). Nevertheless, even if RCW 48.22.005(11) is incorporated into the policy, we disagree with McLaughlin's narrow reading of that statute and hold that McLaughlin has not met his burden to show that a bicyclist is a pedestrian, even under RCW 48.22.005(11).

"The purpose of statutory interpretation is to determine the legislature's intent and to apply it." Segura v. Cabrera, 184 Wn.2d 587, 591, 362 P.3d 1278 (2015). "When possible, we derive the legislature's intent solely from the statute's plain language, considering the text of the provision at issue, the context of the statute, related provisions, and the statutory scheme as a whole." Segura, 184 Wn.2d at 591.

RCW 48.22.005(11) states that "'[p]edestrian' means a natural person not occupying a motor vehicle *as defined in RCW 46.04.320*." (Emphasis added.) Title 46 RCW not only includes a definition of "motor vehicle," it also includes definitions for the terms "pedestrian" and "vehicle." See RCW 46.04.400 ("Pedestrian" is defined as "any person who is afoot or who is using a wheelchair, a power wheelchair, or a means of conveyance propelled by human power other than a bicycle."), .670 ("Vehicle" is defined as "every device capable of being moved upon a public highway and in, upon, or by which any persons or property is or may be transported or drawn upon a public highway, including bicycles."). Under those related definitions, the legislature expressly determined that a bicyclist was not a pedestrian, but a vehicle. The definition of "pedestrian" in RCW 48.22.005(11) specifically refers the reader to Title 46 RCW. Therefore, we attempt to harmonize the definition of "pedestrian" in that statute with the definition of "pedestrian" found in RCW 46.04.400. Because RCW 48.22.005(11) does not explicitly refer to bicyclists, the statutes can be harmonized by excluding bicyclists from that definition of "pedestrian," in accordance with RCW 46.04.400.

McLaughlin argues that we must narrowly read RCW 48.22.005(11) to incorporate only the definition of "motor vehicle" from chapter 46.04 RCW. But doing so would violate the maxims of statutory construction that require us to determine the legislature's intent in part by reading a statute within the context of its related provisions and the statutory scheme as a whole. See Segura, 184 Wn.2d at 591. Therefore, we do not read RCW 48.22.005(11) narrowly.

6

Citing a non-binding Maryland case, Tucker v. Fireman's Fund Ins. Co., 308 Md. 69, 517 A.2d 730 (1986), McLaughlin argues that the dictionary definition of "pedestrian" is not controlling because RCW 48.22.005(11) provides a broader definition of that term. As discussed, we disagree with his conclusion that the definition of "pedestrian" in RCW 48.22.005(11) includes a bicyclist. Furthermore, Tucker is not persuasive because that case involved statutory construction, not contract interpretation. See Tucker, 517 A.2d at 734 (giving the undefined term pedestrian in a PIP statute a broad interpretation consistent with the overall purpose of the statute). Tucker does not require reversal here.

McLaughlin argues that multiple cases have recognized that bicyclists are pedestrians for insurance purposes. He cites Mattson v. Stone, 32 Wn. App. 630, 648 P.2d 929 (1982), as an example. There, a passenger on a bicycle was struck by a car and obtained an insurance settlement from the driver's insurer. Mattson, 32 Wn. App. at 631-32. The issue on appeal was whether the driver's insurer had a valid subrogation claim against a later settlement between the bicycle passenger and driver. Mattson, 32 Wn. App. at 632. Although the court stated that the bicycle passenger was "a pedestrian injured in an accident" in its recitation of the facts of the case, it did not analyze whether the insurance policy defined a bicyclist as a "pedestrian." Mattson, 32 Wn. App. at 632-33. Therefore, Mattson is not applicable to our analysis.

In a statement of additional authorities, McLaughlin cites to Barriga Figueroa v. Prieto Mariscal, 193 Wn.2d 404, 441 P.3d 818 (2019), a recent Supreme Court case that considered whether an insurer owes a person injured

7

under a tortfeasor's PIP policy the same quasi-fiduciary duties it would owe to the named insured. There, an eight-year-old boy was hit by a minivan. Barriga Figueroa, 193 Wn.2d at 407. The police report stated that the boy rode his bicycle into the roadway in front of the minivan. Barriga Figueroa, 193 Wn.2d at 407. The boy gave a number of statements about the accident, but his most detailed version was that his right shoelace got stuck in his bicycle spokes and the minivan ran over his leg when he leaned over to untangle the shoelace. Barriga Figueroa, 193 Wn.2d at 407. At the subsequent tort trial against the driver of the minivan, the trial court admitted a PIP application form signed by the boy's mother that mirrored the events reported in the police report. Barriga Figueroa, 193 Wn.2d at 410. The Supreme Court held that the PIP application was protected work product and should have been excluded. Barriga Figueroa, 193 Wn.2d at 415. In doing so, the court concluded, without extensive discussion, that the boy was an insured because under RCW 48.22.005(5)(b)(ii), "a pedestrian injured in an automobile accident is statutorily defined as an 'insured.'" Barriga Figueroa, 193 Wn.2d at 411. The court's statement does not help McLaughlin. The court did not specifically consider whether the definition of "pedestrian" includes a bicyclist. Furthermore, there was a factual dispute as to whether the boy was riding his bicycle in the road or was stopped to tie his shoelaces. For these reasons, Barriga Figueroa does not require reversal.

McLaughlin also cites authority from other jurisdictions that is similarly inapplicable in interpreting the undefined term "pedestrian" in his insurance policy. See Fireman's Fund Ins. Co. v. Kerger, 194 Ga. App. 20, 389 S.E.2d

8

541, 542 (1989) (issue on appeal was the meaning of "struck by" in the insurance policy even though "[t]he parties agree[d] that for the purposes of this case plaintiff must be considered a 'pedestrian' under Georgia law"); Harbold v. Olin, 287 N.J. Super. 35, 670 A.2d 117, 119 (App. Div. 1996) (acknowledging that the statutory definition of "pedestrian" under New Jersey PIP statutes includes a bicyclist); Pilotte v. Aetna Cas. & Sur. Co., 384 Mass. 805, 427 N.E.2d 746-47 (1981) ("The defendant's insurance policy defines a pedestrian as 'a person who is walking or who is operating a bicycle, tricycle or similar vehicle, or a person on horseback or in a vehicle drawn by an animal.'"). Furthermore, each of those other jurisdictions employ the reasonable expectation doctrine, which requires courts to interpret insurance policies from the standpoint of the insured's expectations. U.S. Life Title Ins. Co. of Dallas v. Hutsell, 164 Ga. App. 443, 296 S.E.2d 760, 763 (1982); Home Indem. Ins. Co. v. Merchants Distribs., Inc., 396 Mass. 103, 483 N.E.2d 1099, 1101 (1985); Zacarias v. Allstate Ins. Co., 168 N.J. 590, 775 A.2d 1271-72 (2001). But our Supreme Court "has on several occasions specifically declined to adopt the doctrine of reasonable expectations, under which the insured's subjective expectation of coverage determines the insurer's liability." Boeing, 113 Wn.2d at 894; see Quadrant, 154 Wn.2d at 172 ("[E]xpectations of the insured cannot override the plain language of the contract."). These cases are not relevant.

McLaughlin next argues that public policy concerns weigh in favor of defining a bicyclist as a "pedestrian" because bicyclists, like pedestrians, are "particularly vulnerable and susceptible to injury on the roadway." But as

explained, an undefined term in an insurance policy must be given its plain, ordinary, and popular meaning. McLaughlin cites no authority for the proposition that the plain meaning of an undefined term can be set aside on policy grounds. Therefore, we assume that he found none. DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.").

McLaughlin argues that refusing to recognize a bicyclist as a pedestrian under the plain meaning of that word will lead to an absurd result. To illustrate this argument, he claims that a baby in a stroller would not be covered by the dictionary definition of "pedestrian." But to resolve this case, we need not determine whether such a baby would be an insured under McLaughlin's policy.

McLaughlin also argues that we should look to "the purpose of the laws at issue" when defining "pedestrian." As an example, he cites to Pudmaroff v. Allen, 138 Wn.2d 55, 977 P.2d 574 (1999), a Supreme Court case that examined whether a bicyclist was a "pedestrian" under former RCW 46.61.235(1) (1993), which required drivers to stop to allow pedestrians to cross the street in crosswalks. Pudmaroff, 138 Wn.2d at 60. The Supreme Court held that the definition of "pedestrian" in RCW 46.04.400 as a person "afoot" did not overrule prior case law establishing bicyclists would be treated the same as pedestrians when they were in a crosswalk. Pudmaroff, 138 Wn.2d at 64-65. The court explained that to hold otherwise would yield an absurd result because under such an interpretation, a driver would not be liable under RCW 46.61.235(1) for

10

hitting a child riding his or her bicycle across a crosswalk. Pudmaroff, 138 Wn.2d at 64-65. But Pudmaroff is not controlling here. McLaughlin was not in a crosswalk when he was hit by Moore's car door—he was riding down a busy street in downtown Seattle. Furthermore, the term "pedestrian" in his insurance policy is not subject to principles of statutory interpretation, but to the principles of contract interpretation. The analysis of an undefined term in an insurance policy is straightforward and requires only that we determine the plain, ordinary, and popular meaning of "pedestrian." We need not look to the purpose of any laws regulating pedestrians or bicyclists for this conclusion. Therefore, McLaughlin's reliance on Pudmaroff is misplaced.

Finally, McLaughlin argues that to the extent the term "pedestrian" is ambiguous in the policy, the ambiguity should be construed against Travelers, who drafted the contract. He is correct that "[a]mbiguous policy language must be liberally construed in the insured's favor." Gull Indus., Inc. v. State Farm Fire & Cas. Co., 181 Wn. App. 463, 470-71, 326 P.3d 782 (2014). But here, "pedestrian" is not ambiguous under either the dictionary definition or RCW 48.22.005(11). Therefore, we are not required to construe "pedestrian" in McLaughlin's favor.

We affirm.

WE CONCUR:

11