**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STARR INDEMNITY & LIABILITY
COMPANY,

Plaintiff-Appellant,

v.

POINT RUSTON LLC; et al.,

Defendants-Appellees,

and

JLW POINT RUSTON INVESTMENTS
LLC,

Defendant.

No. 21-35702

D.C. No. 3:20-cv-05539-RSL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted May 19, 2022[**]
Seattle, Washington

Before: WARDLAW, GOULD, and BENNETT, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff-Appellant Starr Indemnity & Liability Company appeals the district court's denial of its motion for summary judgment and grant of partial summary judgment in favor of Defendant-Appellees Point Ruston, LLC, et. al. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's ruling that Appellant has a duty to defend, reverse the district court's ruling that Appellant has a duty to indemnify, and vacate the district court's denial of costs.

"We review the district court's grant of summary judgment *de novo*. Construction of a contractual insurance policy provision is a question of law and therefore subject to de novo review." *Trishan Air, Inc. v. Fed. Ins. Co.*, 635 F.3d 422, 426 (9th Cir. 2011) (citations and quotation marks omitted).

**1.** The district court did not err in determining that Appellant has a duty to defend. Appellant provided a directors and officers insurance policy for Appellees (the "Policy"). The mere fact that Thomsen Ruston, LLC is a Member under the Policy does not trigger the Policy's Insured vs. Insured Exclusion. The Policy's definition of Insured Person includes an Executive. An Executive, in turn, is defined as any "past, present or future duly elected or appointed director, officer, trustee, governor, management committee Member or Member of the board of managers." The plain and unambiguous definition of Executive does not include any Member; rather, it only includes certain types of Members: any "management committee Member or Member of the board of managers." *See Quadrant Corp. v.*

2

*Am. States Ins. Co.*, 110 P.3d 733, 737 (Wash. 2005) (requiring courts enforce "clear and unambiguous" language). A "management committee Member" is any Member who is part of the management committee. A "Member of the board of managers" is any Member who is also on the board of managers. Appellant does not claim that Thomsen Ruston, LLC is part of the management committee or on the board of managers. Thomsen Ruston, LLC, then, is not an Insured Person under the Policy.[1]

Appellant's argument that the Insured vs. Insured Exclusion applies because the underlying complaint (the "Complaint") was "brought by or on behalf of" Ken Thomsen also fails. The Policy does not define "brought by or on behalf of." Undefined terms in an insurance policy are "given their plain, ordinary, and popular meaning." *Int'l Marine Underwriters v. ABCD Marine, LLC*, 313 P.3d 395, 400 (Wash. 2013) (quotation marks omitted). "[W]here multiple reasonable definitions of an undefined term in an insurance policy exist, . . . courts adopt the definition that most favors the insured." *McLaughlin v. Travelers Com. Ins. Co.*, 476 P.3d 1032, 1037 (Wash. 2020). Appellees are correct that, as a matter of basic

---

[1] Even if the Policy's language were deemed ambiguous, any ambiguities would be construed against Appellant because it drafted the Policy. *See Panorama Vill. Condo. Owners Ass'n Bd. of Dirs. v. Allstate Ins. Co.*, 26 P.3d 910, 914 (Wash. 2001); *Dickson v. U.S. Fid. & Guar. Co.*, 466 P.2d 515, 518 (Wash. 1970) ("Exclusionary clauses in an insurance policy are to be construed most strongly against the company writing the policy, and in favor of the insured.").

corporate law, officers and principals of companies bring lawsuits on behalf of the companies, not the other way around. *See, e.g.*, *Grayson v. Nordic Constr. Co.*, 599 P.2d 1271, 1273 (Wash. 1979) ("A corporation exists as an organization distinct from the personality of its shareholders."). In this context, "brought by or on behalf of" means as a representative of or as an agent of. Appellant offers no evidence that the Complaint was filed by or on behalf of Ken Thomsen personally, so the Complaint was not "brought by or on behalf of" Ken Thomsen.

**2.** The district court erred in holding that Appellant has a duty to indemnify. The duties to defend and indemnify are separate; even though Appellant has a duty to defend, it does not necessarily have a duty to indemnify. *See Woo v. Fireman's Fund Ins. Co.*, 164 P.3d 454, 459 (Wash. 2007). Neither Appellant's motion for summary judgment nor Appellees' cross-motion for partial summary judgment made substantive arguments regarding the duty to indemnify. The district court, without requesting briefing on the issue, then *sua sponte* ruled on the duty to indemnify and did not give Appellant reasonable notice to develop the facts to oppose this portion of the summary judgment order. *See Norse v. City of Santa Cruz*, 629 F.3d 966, 971–72 (9th Cir. 2010) (en banc). We therefore reverse the district court's grant of summary judgment regarding the duty to indemnify.

**3.** In light of our other holdings, we also vacate the district court's denial of costs.

4

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and VACATED in part.**