[No. 23176-3-III.   Division Three.   August 25, 2005.]

COREY WINSTON, *Appellant*, v. THE DEPARTMENT OF CORRECTIONS, *Respondent*.

62

*Russell B. Juckett, Jr.*, for appellant.

*Robert M. McKenna, Attorney General*, and *Carl P. Warring* and *Catherine Hendricks, Assistants*, for respondent.

¶1 SCHULTHEIS, J. — Corey Winston appeals the trial court's summary dismissal of his action against the State for its alleged failure to prevent a fellow inmate from

attacking him and the denial of his motion to continue summary judgment. Mr. Winston has not shown that prison officials had any reason to believe he was in danger of being assaulted and he failed to show a good reason why he had not earlier attempted to obtain evidence to prove otherwise. Accordingly, we affirm.

## FACTS

¶2 Mr. Winston, an inmate at the Airway Heights Correction Center, was assaulted by another inmate on September 3, 1999. He suffered a right orbital blowout fracture that resulted in permanent visual impairment. Mr. Winston sued the State for negligence in its failure to protect him and for violations of his civil rights.

¶3 The State moved for summary judgment. Mr. Winston moved to continue the summary judgment to conduct depositions. He argued that because the State had withheld discovery he received only after the motion was filed, he needed time to explore the matters raised in the material. The trial court denied the motion to continue. The court granted the State's summary dismissal.

## ANALYSIS

### a. Summary judgment motion

¶4 When reviewing an order of summary judgment, we engage in the same inquiry as the trial court. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). Summary judgment is appropriate only if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. CR 56(c). Like the trial court, we must consider all facts submitted and all reasonable inferences from them in the light most favorable to the nonmoving party, and we will uphold the order only if, from all the evidence, reasonable

persons could reach but one conclusion. *Wilson*, 98 Wn.2d at 437.

■ ¶5 In order to hold the State liable for injury to one inmate inflicted by another inmate, there must be proof of knowledge on the part of prison officials that such an injury will be inflicted, or good reason to anticipate such, and then there must be a showing of negligence on the part of these officials in failing to prevent the injury. *Kusah v. McCorkle*, 100 Wash. 318, 323, 170 P. 1023 (1918). The prison official is presumed to have performed his duty. *Riggs v. German*, 81 Wash. 128, 131, 142 P. 479 (1914). But when there is evidence tending to rebut that presumption, the question is one of fact for the jury. *Eberhart v. Murphy*, 113 Wash. 449, 453, 194 P. 415 (1920).

¶6 Here, Mr. Winston failed to show that prison officials had any reason to believe he would be attacked. Mr. Winston's own deposition refutes the claim he now asserts that the atmosphere at the prison was fraught with racial tension and that he had had previous problems with his assailant. Clerk's Papers at 114-15, 268-69. Summary dismissal of this claim was appropriate.

■ ¶7 Mr. Winston also claims the prison violated his civil rights. However, a state prison inmate may not base a federal civil rights action on prison officials' mere negligent failure to protect him from another inmate in that the protections of the due process clause are not triggered by a lack of due care causing unintended harm. *Davidson v. Cannon*, 474 U.S. 344, 348, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986); *Berg v. Kincheloe*, 794 F.2d 457, 462 (9th Cir. 1986). Because Mr. Winston failed to show the prison officials had any reason to believe he was in danger, he cannot make the necessary showing for a civil rights claim.

b. Motion to continue

■ ¶8 A trial court may continue a summary judgment hearing if the nonmoving party shows a need for additional time to obtain additional affidavits, take depositions, or

conduct discovery. CR 56(f). "The trial court may deny a motion for a continuance when (1) the requesting party does not have a good reason for the delay in obtaining the evidence, (2) the requesting party does not indicate what evidence would be established by further discovery, or (3) the new evidence would not raise a genuine issue of fact." *Butler v. Joy*, 116 Wn. App. 291, 299, 65 P.3d 671 (2003) (citing *Tellevik v. Real Prop. Known as 31641 W. Rutherford St.*, 120 Wn.2d 68, 90, 838 P.2d 111, 845 P.2d 1325 (1992)).

■ ¶9 We review a trial court's decision on a request to continue the summary judgment for abuse of discretion. *Colwell v. Holy Family Hosp.*, 104 Wn. App. 606, 615, 15 P.3d 210 (2001); *Coggle v. Snow*, 56 Wn. App. 499, 504, 784 P.2d 554 (1990). A trial court abuses its discretion if it bases its decision on untenable grounds or unreasonable grounds. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

■ ■ ¶10 Here, the motion to continue summary judgment was denied on two bases: (1) because the discovery Mr. Winston sought could have been accomplished earlier, given the scheduling order deadlines, he failed to show good cause for the delay in conducting the discovery; and (2) he relied on what he hoped to reveal through additional discovery rather than identify evidence that would give rise to a genuine issue of fact. We need reach only the first reason as it is a sufficient basis to deny a continuance. *See Butler*, 116 Wn. App. at 299.

¶11 The judge outlined the history of the case on the record. The suit was initially filed in Thurston County in August 2002 and transferred to Spokane County in January 2003. Upon its transfer, a Spokane County judge adopted a case schedule instituting significant dates including discovery cutoff and trial dates, and the last date to amend the schedule. The judge explained to counsel that it was important to observe the schedule in order to process the hundreds of civil cases and prevent docketing chaos. The judge then expressed his reluctance to revise the order in the last 30 days before trial, especially in light of the fact

that Mr. Winston should have completed the discovery in the two years preceding the motion.

¶12 Mr. Winston focuses on the State's failure to provide discovery. He argues that if the State had not forwarded to him responses to his production requests on the eve of summary judgment, his request for the depositions would have been timely. But Mr. Winston did not satisfy the trial court's inquiry as to why he had not completed his discovery before that time.

¶13 A trial court has the authority to administer its affairs to achieve the orderly and expeditious disposition of its docket. *Woodhead v. Discount Waterbeds, Inc.*, 78 Wn. App. 125, 129, 896 P.2d 66 (1995). Mr. Winston has not demonstrated an abuse of discretion.

## CONCLUSION

¶14 We affirm the trial court's summary dismissal of Mr. Winston's action against the State and the denial of his motion to continue summary judgment.

SWEENEY, A.C.J., and BROWN, J., concur.