NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSHUA TOLSMA,

Plaintiff - Appellant,

v.

KING COUNTY; JOHN DOE, 1 and 2,

Defendants - Appellees.

Nos. 11-35549
11-35601

D.C. No. 2:09-cv-00489-TSZ

MEMORANDUM[*]

Appeals from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted November 13, 2012[**]

Before: CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Joshua Tolsma appeals from the district court's summary judgment in his 42

U.S.C. § 1983 action alleging constitutional violations and a state negligence claim

arising from an assault against him by a fellow pretrial detainee at the King County

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes these cases are suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Correctional Facility. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1258 (9th Cir. 1993), and we affirm.

The district court properly granted summary judgment as to Tolsma's claims against the Doe officers because Tolsma failed to raise a genuine dispute of material fact as to whether the officers knew of and disregarded a risk to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official cannot be found liable for failing to protect one inmate from another "unless the official knows of and disregards an excessive risk to inmate health or safety"); *Cousins v. Lockyer*, 568 F.3d 1063, 1070-71 (9th Cir. 2009) (explaining that a violation of a prison regulation does not establish a constitutional violation, and concluding that further discovery on Doe defendants' identities would be futile where plaintiff failed to establish a constitutional violation); *Winston v. Dep't of Corr.*, 121 P.3d 1201, 1202-03 (Wash. Ct. App. 2005) ("In order to hold the State liable for injury to one inmate inflicted by another inmate, there must be proof of knowledge on the part of prison officials that such an injury will be inflicted, or good reason to anticipate such, and then there must be a showing of negligence on the part of these officials in failing to prevent the injury.").

The district court properly granted summary judgment as to Tolsma's claims against King County because Tolsma failed to show that the officers' actions resulted in his injuries. *See Jackson v. City of Bremerton*, 268 F.3d 646, 653-54 (9th Cir. 2001) ("Neither a municipality nor a supervisor . . . can be held liable under § 1983 where no . . . constitutional violation has occurred."); *Winston*, 121 P.3d at 1202-03 (explaining requirements for failure-to-protect negligence claim against prison officials).

The district court did not abuse its discretion in denying Tolsma's motions under Fed. R. Civ. P. 59 and 60 because Tolsma failed to show that the district court overlooked one of his claims in error. *See* Fed. R. Civ. P. 60(a) (reconsideration is appropriate to correct "a mistake arising from oversight or omission"); *Sch. Dist. No. 1J*, 5 F.3d at 1262-63 (setting forth standard of review for denial of Rule 59 and 60 motions, and stating that, under Rule 59(e), reconsideration is appropriate if there was "clear error").

**AFFIRMED.**