**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

RODNEY L. GARROTT,

            Plaintiff - Appellant,

  v.

ELDON VAIL; et al.,

            Defendants - Appellees.

No. 12-35704

D.C. No. 2:10-cv-00391-LRS

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted November 19, 2013[**]

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

Washington state prisoner Rodney L. Garrott appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants violated his Eighth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2004).  We affirm.

The district court properly granted summary judgment on Garrott's claim alleging that defendants failed to protect him from inmate assault because Garrott failed to raise a genuine dispute of material fact as to whether defendants knew of and disregarded an excessive risk to Garrott's safety.  *See Farmer v. Brennan*, 511 U.S. 825, 837, (1994) (claim of deliberate indifference requires showing that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety"); *see also Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

The district court properly granted summary judgment on Garrott's state law negligence claim because Garrott failed to raise a genuine dispute of material fact as to whether defendants had knowledge of or good reason to believe that Garrott would be assaulted by another inmate.  *See Pedroza v. Bryant*, 677 P.2d 166, 168 (Wash. 1984) (elements of negligence claim); *Winston v. Dep't of Corr.*, 121 P.3d 1201, 1202 (Wash. Ct. App. 2005) (to hold prison officials liable for injury to one inmate inflicted by another inmate, the inmate must show "knowledge on the part of prison officials that such an injury will be inflicted, or good reason to anticipate such").

12-35704

To the extent that Garrott attempts to raise an access-to-courts claim, we do not consider it because it was raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Garrott's motion to file a supplemental brief is granted.

**AFFIRMED.**