IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| BANNER BANK, a Washington corporation, | ) ) ) | No. 38048-3-III |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| REFLECTION LAKE COMMUNITY ASSOCIATION, a nonprofit corporation; and RICK SMITH, | ) ) ) ) | UNPUBLISHED OPINION |
| Respondents, | ) ) | |
| JAMES POWERS, | ) ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — James Powers appeals after the trial court granted

summary judgment in favor of Reflection Lake Community Association and Rick Smith.

He argues the trial court erred by not striking a declaration, and it abused its discretion by

not continuing the summary judgment hearing. We disagree and affirm.

FACTS

This case stems from an interpleader action filed by Banner Bank to determine the

rights to accounts it holds as between two competing boards of directors for a

homeowners' association.

*Reflection Lake Community Association election*

Reflection Lake is a manmade lake in northeast Spokane County. The Reflection Lake Community Association (RLCA), a nonprofit corporation and homeowners' association, serves the community around the lake. In the spring of 2020, an ongoing dispute about management led to the resignation of eight of the nine directors on the board of directors. The remaining director appointed eight replacements. The newly appointed board failed to hold the customary annual election in July, and a small number of community members decided to form an election committee in an effort to persuade the appointed board to schedule an election.

In August, members of the election committee went door to door to gather support for a petition demanding the appointed board hold an election. If the appointed board did not comply, the signers of the petition also indicated support for removing the appointed members of the board and holding an election for those positions. The RLCA bylaws provide that a special meeting to remove and elect directors may be called by 40 percent of the voting power of the association. The election committee collected signatures from approximately 70 percent of RLCA members.

The appointed board refused to hold the election, and the election committee proceeded with the special meeting and election. To comply with COVID-19 restrictions

2

on large gatherings, the election committee mailed a combination ballot and proxy designation form, allowing RLCA members to simultaneously indicate their vote and designate the election committee as their directed proxy to cast such votes in the election.

In late September, the election committee held a special meeting to remove the appointed board members and elect their replacements. By virtue of their proxy designations, the election committee represented sufficient voting power to constitute a quorum for business. As a result of the election, seven of the eight appointed directors were removed.

### *Access to RLCA bank accounts*

Shortly after the election, James Boothby, the newly elected treasurer of the board, contacted the Washington Secretary of State and began the process of becoming RLCA's registered agent. He received confirmation this process was complete on October 8, 2020. Meanwhile, the ousted members of the appointed board retained counsel, who contacted Banner Bank on October 6 to inform it there were competing boards of directors. When Mr. Boothby attempted to sign on as the authorized owner of RLCA's accounts on October 8, Banner Bank refused and directed his inquiries to its legal department.

On October 13, Banner Bank notified members of both the elected and appointed boards that RLCA's accounts were frozen. In November, Banner Bank filed a complaint for interpleader, naming as defendants James Powers, president of the appointed board, Rick Smith, president of the elected board, and RLCA itself.[1]

On November 19, 2020, Mr. Powers and other members of the appointed board filed a separate lawsuit against RLCA, Mr. Boothby, Mr. Smith, and other members of the elected board, requesting a declaratory judgment that the election was not valid under the RLCA bylaws or state statutes, a declaratory judgment that the RLCA board had no control over the water association serving Reflection Lake homes, and a reorganization of RLCA into two separate community associations.[2] Mr. Powers's counsel in the interpleader case, William C. Schroeder, also represented the plaintiffs in this second case.

### *RLCA's motion for summary judgment*

On December 14, 2020, RLCA and Mr. Smith[3] filed a motion for summary judgment in the interpleader action, arguing there was no genuine issue of material fact in

---

[1] Spokane County Case No. 20-2-03199-32.

[2] Spokane County Case No. 20-2-03213-32.

[3] For succinctness, we will refer to RLCA and Mr. Smith collectively as "RLCA."

dispute about whether the election was held in compliance with RLCA's bylaws and applicable statutes. The motion was supported by several exhibits, a declaration from a member of the election committee, a declaration from an RLCA member who voted in the election and had previously served on the board, and a declaration from Mr. Boothby. A hearing on the motion was scheduled for January 12, 2021.

Mr. Schroeder promptly reached out via e-mail to RLCA's attorney, Tyler Lloyd, about his intent to schedule depositions of the declarants over December 21-23. On December 14 and 15, Mr. Lloyd e-mailed about the possibility of pushing back the summary judgment hearing so the depositions would not conflict with December holidays. Mr. Schroeder agreed to hold the depositions in the first two weeks of January; the hearing was ultimately rescheduled for January 29, 2021. On December 21, Mr. Lloyd provided availability for depositions of all three declarants, but Mr. Schroeder noted only Mr. Boothby for deposition on January 6. On January 4, Mr. Lloyd confirmed Mr. Boothby's deposition and inquired about depositions for the other two declarants. In response, Mr. Schroeder indicated they would decide after Mr. Boothby's deposition whether further depositions were needed.

_Mr. Boothby's deposition_

Mr. Boothby was deposed on January 6, 2021. After asking some biographical questions, Mr. Schroeder began asking Mr. Boothby about the formation of the water association, which was the subject of a separate lawsuit between Mr. Powers and Mr. Boothby. While Mr. Boothby stated in his declaration that a dispute led to the previous board's resignation and while that dispute in fact involved the water association, Mr. Boothby's declaration did not anywhere reference the water association. Mr. Lloyd objected to the relevance of the question in relation to the interpleader action, and Mr. Schroeder informed him, "I am going to ask the questions I planned on asking." Clerk's Papers (CP) at 148. After another question to Mr. Boothby about the water association, Mr. Lloyd again objected, leading to a dispute with Mr. Schroeder:

> MR. LLOYD: I will object to the relevance of this whole line of inquiry.
> MR. SCHROEDER: Did you just instruct him to not answer?
> MR. LLOYD: I am objecting to the relevance of the question.
> MR. SCHROEDER: I understand your objection. Are you telling him to not answer? That's the important thing.
> MR. LLOYD: Yes.
> [MR. SCHROEDER]: Okay. I'll put on the record that you've just been directed to not answer. It's not a matter of privilege or any other thing asserted.
> MR. SCHROEDER: I am going to call an end to the deposition and seek a ruling from the Court.

CP at 148. Mr. Schroeder terminated the deposition after 13 minutes.

6

Because the deposition was via videoconference software, Mr. Lloyd called Mr. Schroeder to attempt to continue the deposition after Mr. Schroeder ended the session. Mr. Lloyd and Mr. Schroder were unable to agree to continue the deposition, although both later indicated their willingness to do so. Mr. Lloyd sent Mr. Schroeder a letter on January 6, indicating Mr. Schroeder's stated intent to seek a court order was unnecessary and that Mr. Boothby and the two other declarants remained available for depositions on the subject of the interpleader action.

### *Mr. Powers's motions to strike and continue*

Despite what Mr. Powers's counsel said when ending the deposition, he did not seek a ruling from the court on the deposition issue. Nor did he request depositions from the remaining two declarants. Nor did he file a response to RLCA's motion for summary judgment. Instead, Mr. Powers filed a motion to strike Mr. Boothby's declaration because of the discovery dispute and a motion to continue the summary judgment hearing.

In his motion to strike Mr. Powers argued that because instructing a deponent not to answer is improper, the court should strike the Boothby declaration, order the costs of the deposition be paid by RLCA, and order that Mr. Powers be permitted to redepose Mr. Boothby without counsel interfering.

In his motion to continue, Mr. Powers contended that RLCA scheduled their summary judgment so that all discovery and the written response would have to be completed the week of Christmas.  He contended that RLCA "balked" when depositions were requested and that counsel's interference at Mr. Boothby's deposition rendered it pointless.  CP at 101.  Mr. Powers argued he was refused discovery material and was entitled to a continuance under CR 56(f).

Mr. Powers's motions were noted to be heard on January 29, 2021, at the same time as RLCA's summary judgment motion.  Due to an error in Mr. Schroeder's office, however, Mr. Powers's motions were not confirmed as required by local rule.[4]

SCLR 40(b)(9)(C) required RLCA to serve and file its responsive documents seven days before the January 29 hearing.  RLCA served and filed its response on January 25, 2021, three days late.  Mr. Powers moved to strike the untimely response. There is no indication the trial court considered RLCA's responsive documents.

---

[4] Spokane County Superior Court local civil rule (SLCR) 40(b)(9)(E) provides in relevant part: "In the event a motion . . . is to be argued, counsel for the moving party shall confirm with all opposing counsel that they are available to argue the motion and then notify the judicial assistant for the assigned judge by 12:00 p.m. three (3) days prior to the hearing that the parties are ready for the hearing."

No. 38048-3-III
*Banner Bank v. Reflection Lake Cmty. Ass'n*

<u>*January 29 hearing*</u>

On January 29, the superior court had before it the motion to strike the declaration, the motion to continue the summary judgment, and the motion for summary judgment. Mr. Powers, through counsel, admitted that he failed to confirm his motions. Pursuant to local rule,[5] the court struck Mr. Powers's motions.

The court then turned to the summary judgment motion. It assured the parties it had fully reviewed the record and said the only issue was whether 70 percent of the association members who signed the petition constituted 40 percent of RLCA's voting power, as required by the bylaws to call a special meeting.

Mr. Powers argued that there were unresolved issues with proxies and confidentiality due to the unfinished deposition. He stated there were witnesses who had asked to see records of who held the proxies and the results of the election, and who were told the information was confidential.

RLCA argued there was no reasonable debate that the 70 percent of the association members who signed the petition constituted at least 40 percent of the voting power of RLCA. While there were some owners who owned multiple lots, it was not a

[5] SLCR 40(b)(9)(H) provides in relevant part: "Failure to timely comply with these requirements may result in . . . the motion being stricken from the calendar . . . ."

9

community where a single property owner or developer held a majority of the property. RLCA argued that the question of the proxies was a different issue than the petition calling the election, instead having to do with the confidential information of which resident voted for which candidate in the election.

When invited by the court to argue further against the motion for summary judgment, Mr. Powers made an oral motion to strike Mr. Boothby's declaration because of the dispute during the deposition. RLCA responded that there had been no good faith effort to resolve the dispute.

The court noted the issue with Mr. Boothby's deposition, but found that "the evidence and record are overwhelming in that there really are no disputed material facts between the parties and summary judgment is appropriate as a matter of law." Report of Proceedings (RP) at 16. It found that the evidence in the record "undisputedly indicates that the special meeting requirement of 40 percent was triggered" by the election committee's petition. RP at 17. The court noted that if Mr. Powers could show that the 70 percent of members who signed the petition did not collectively hold 40 percent of the voting power, it would be inclined to change its ruling, but that Mr. Powers had failed to demonstrate there was a genuine dispute on that fact.

Mr. Powers appeals.

ANALYSIS

A.      THE LOCAL RULE IS NOT INCONSISTENT WITH CR 56(f)

Mr. Powers seems to argue that SLCR 40(b)(9)(E)'s requirement that motions be confirmed is inconsistent with CR 56(f) and is therefore invalid. We disagree.

CR 83(a) authorizes local superior courts to adopt rules that are not inconsistent with the general civil rules. Local rules are inconsistent under CR 83(a) when they are "'so antithetical that it is impossible as a matter of law that they can both be effective.'" *Sorenson v. Dahlen*, 136 Wn. App. 844, 853, 149 P.3d 394 (2006) (quoting *Heaney v. Seattle Mun. Court*, 35 Wn. App. 150, 155, 665 P.2d 918 (1983)).

CR 56(f) neither requires nor prohibits timely confirmation of a motion to continue a summary judgment hearing. For this reason, SLCR 40(b)(9)(E)—which requires all motions to be timely confirmed—is not antithetical to CR 56(f).

Mr. Powers also asserts that the trial court treated his noncompliance with the local rule as dispositive of the summary judgment motion. We disagree.

The trial court treated the motions as separate. After ruling that it would not consider Mr. Powers's motions, the trial court heard arguments on RLCA's summary judgment motion. Because there were no genuine issues of material fact and the record

11

confirmed that the elected board was duly elected in accordance with its by-laws, the trial court granted RLCA's summary judgment motion.

Mr. Powers also argues that SLCR 40(b)(9)(H) does not provide that default or summary dismissal are among the consequences for failing to properly confirm a responsive motion. There are two reasons why this argument fails.

First, Mr. Powers's motions were not responsive motions, if there is such a thing. He was asking the trial court for affirmative relief and SLCR 40(b)(9)(E) required him to confirm his motions. He admitted that his office failed to do so. SLCR 40(b)(9)(H) authorized the trial court to strike the unconfirmed motions.

Second, Mr. Powers's assertion that his noncompliance with the local rule resulted in a default or summary judgment is disingenuous. Failure to confirm his motions did not cause a default or summary judgment to be entered; failure to create a genuine issue of material fact did.

B.     MR. POWERS'S MOTIONS TO STRIKE DECLARATION AND TO CONTINUE

Mr. Powers contends that the trial court erred by declining to strike Mr. Boothby's declaration and denying his motion to continue. We disagree.

We review a trial court's ruling on a motion to strike a declaration for an abuse of discretion. *Hanson Indus., Inc. v. Kutschkau*, 158 Wn. App. 278, 287, 239 P.3d 367

(2010). We also review its ruling on a request to continue a summary judgment under

CR 56(f) for abuse of discretion. *Winston v. Dep't of Corr.*, 130 Wn. App. 61, 65, 121

P.3d 1201 (2005). Accordingly, we look to whether the trial court's decisions were

manifestly unreasonable or based on untenable grounds or reasons. *See State v.*

*McCormick*, 166 Wn.2d 689, 706, 213 P.3d 32 (2009).

Mr. Powers's motion to continue and motion to strike were not filed in accordance

with local rules. As discussed above, the court was within its discretion to decline to hear

the motions on that basis. Even had the court reached the merits, for the reasons

explained below, it would have been well within its discretion to decline to grant relief to

Mr. Powers.

### 1. Motion to strike

Mr. Lloyd's instruction to Mr. Boothby not to answer a nonprivileged question was

improper. *See* CR 30(h)(3). Mr. Powers argues this impropriety renders Mr. Boothby's

declaration inadmissible and the trial court erred by failing to strike the declaration. He

provides no support for the contention that impropriety in a deposition renders the

deponent's declaration inadmissible. Nor does he provide support for the contention that

striking Mr. Boothby's declaration is the appropriate remedy for the improper instruction

not to answer. His cited authority merely establishes that the instruction not to answer was improper—but that proposition is apparent on the face of the rule.

We note that Mr. Boothby's declaration was unimportant to the trial court's determination to grant summary judgment. Mr. Boothby's declaration, which contained very little detail about the election, was redundant to the other declarations. The declaration that attached several exhibits and the declaration of the election committee member were sufficient in themselves to establish that the election was valid. Even had the trial court struck Mr. Boothby's declaration, summary judgment still would have been appropriate.

### 2.     *Motion to continue*

A trial court may continue a motion for summary judgment under CR 56(f) if the nonmoving party presents affidavits stating reasons why "the party cannot present by affidavit facts essential to justify the party's opposition." Conversely, it

> may deny a motion for a continuance when (1) the requesting party does not have a good reason for the delay in obtaining the evidence, (2) the requesting party does not indicate what evidence would be established by further discovery, or (3) the new evidence would not raise a genuine issue of fact.

14

*Butler v. Joy*, 116 Wn. App. 291, 299, 65 P.3d 671 (2003) (citing *Tellevik v. Real Prop. Known as 31641 W. Rutherford St.*, 120 Wn.2d 68, 90, 838 P.2d 111, 845 P.2d 1325 (1992)).

Here, the first basis for denying a continuance is met. After opposing counsel objected, Mr. Powers did not attempt to question Mr. Boothby about the election. The record shows that such questions would have been permitted, which would have allowed Mr. Powers to respond to the summary judgment motion. Nor did Mr. Powers, through counsel, follow through with deposing the two other declarants about the election. The most important declarant to depose about the election was the election committee member. Had the election committee member been deposed and opposing counsel objected to questions about the election, a CR 56(f) continuance certainly would have been justified.

We conclude that the trial court did not abuse its discretion in denying Mr. Powers's motion to strike Mr. Boothby's declaration and in denying his motion to continue the summary judgment hearing.

C.       OTHER ASSIGNMENTS OF ERROR

Mr. Powers contends the trial court erred by (1) requesting he file a motion for reconsideration while simultaneously denying him discovery, (2) by failing to list the documents it considered in its order, and (3) by entering findings of fact.

### 1.       Direction to file reconsideration

Mr. Powers assigns error to the trial court's invitation for him to file a reconsideration motion while simultaneously dismissing the case and ending discovery. The record reflects that, notwithstanding his failure to respond to RLCA's motion for summary judgment or orally demonstrate a genuine issue of material fact, the trial court invited Mr. Powers to "come back on a motion to reconsider or otherwise show me that that 70 percent demonstrated in the record did not equate to 40 percent of the voting power requirement." RP at 18. It is unclear why Mr. Powers challenges the trial court's invitation to present additional evidence, evidence that as the outgoing president he might have. Mr. Powers devotes no argument in his brief to this assignment of error, and we do not consider it further. *See Yakima County v. E. Wash. Growth Mgmt. Hrg's Bd.*, 146 Wn. App. 679, 698, 192 P.3d 12 (2008).

> ### 2. *Failure to list documents in the summary judgment order*

Mr. Powers also assigns error to the trial court's failure to list the documents it considered in its summary judgment order.

Under CR 56(h), the order granting summary judgment must "designate the documents and other evidence called to the attention of the trial court." Similarly, under RAP 9.12, the appellate court considers only "evidence and issues called to the attention of the trial court" when reviewing a summary judgment. These rules exist so that the appellate court can engage in the same inquiry as the trial court in its de novo review of the summary judgment. *See McLaughlin v. Travelers Commercial Ins. Co.*, 196 Wn.2d 631, 637, 476 P.3d 1032 (2020).

On appeal, Mr. Powers does not argue that the declarations were insufficient to warrant summary judgment. Rather, he argues the trial court erred in denying his motion to strike and his motion to continue the summary judgment hearing. These arguments do not require us to conduct a de novo review. The error raised here by Mr. Powers does not require remand for correction or any other relief.

> ### 3. *Findings of fact in the summary judgment order*

Mr. Powers also argues the trial court's findings of fact in its summary judgment order are superfluous. He is correct. *Chelan County Deputy Sheriffs' Ass'n v. Chelan*

*County*, 109 Wn.2d 282, 294 n.6, 745 P.2d 1 (1987). But once again, this error does not require remand for correction or any other relief.

ATTORNEY FEES

RLCA argues Mr. Powers's appeal is frivolous and attorney fees should be awarded to it. We agree.

Under RAP 18.9(a), the Court of Appeals may award attorney fees as a sanction for filing a frivolous appeal. An appeal is frivolous "'if there are no debatable issues upon which reasonable minds might differ and it is so totally devoid of merit that there [is] no reasonable possibility of reversal.'" *State v. Chapman*, 140 Wn.2d 436, 454, 998 P.2d 282 (2000) (alteration in original) (quoting *State ex rel. Quick-Ruben v. Verharen*, 136 Wn.2d 888, 905, 969 P.2d 64 (1998)).

The issues raised by Mr. Powers either misconstrue the record, are easily affirmed under an abuse of discretion standard of review, or do not result in any relief. Through counsel, Mr. Powers could have questioned Mr. Boothby and the other declarants about the election, but when given the opportunity, chose not to. This, combined with the discretionary nature of the trial court's rulings, convince us that Mr. Powers failed to raise any debatable issue that might result in a reasonable possibility of reversal. Subject to its compliance with RAP 18.1(d), we award RLCA its reasonable attorney fees on appeal.

18

No. 38048-3-III
*Banner Bank v. Reflection Lake Cmty. Ass'n*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, J.

WE CONCUR:

Pennell, C.J.

Fearing, J.